UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:16-cr-00176-BLW |
| Plaintiff, | Case No. 4:16-cr-00211-BLW |
| v. | **MEMORANDUM DECISION AND ORDER** |
| ROYJA KELLY ANKERPONT, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant Royja Kelly Ankerpont's Motion for Early Termination of Supervised Release (Dkt. 80).[1] For the reasons explained below, the Court will deny the motion.

## BACKGROUND

In April 2017, Royja Ankerpont pleaded guilty to one count of conspiracy to possess with intent to distribute controlled substances. Mr. Ankerpont was sentenced to 60 months imprisonment to run consecutively to the term of imprisonment imposed in 4:16-cr-211-BLW, for a total imprisonment term of 69

---

[1] Mr Ankerpont has filed an identical motion for early termination in Case Number 4:16-cr-00211. *See* Dkt. 25. Accordingly, this Order addresses both motions in both cases.

months to be followed by four years of supervised release.[2] Mr. Ankerpont began

his term of supervised release in June 2021 and, as of this writing, has completed

approximately three years of this term. His four-year period of supervision will

terminate in June 2025. The government opposes the request for early termination.

## LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *See*

18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir.

2014). This includes the discretion to terminate supervision after Defendant has

served one year of their supervised release. 18 U.S.C. § 3583(e)(1). In deciding

whether to grant a motion for early termination, courts must review several

sentencing factors, which include:

> (1) the nature and circumstances of the offense and the history
>     and characteristics of the defendant;
>
> (2) deterrence;
>
> (3) protection of the public;
>
> (4) the need to provide the defendant with educational,
>     vocational training, medical care or other rehabilitation;

---

[2] At the time Mr. Ankerpont committed the conspiracy offense, he was on supervised release in Case Number 2:16-cr-00211, which resulted in a supervised release violation. *See* Dkt. 22, Case No. 2:16-cr-00211. The Court sentenced Mr. Ankerpont to an additional nine months of incarceration for the violation and four years of supervised release. Thus, Mr. Ankerpont is currently under supervision in both cases.

(5) the sentence and sentencing range established for the category of defendant;

(6) any pertinent policy statement by the Sentencing Commission;

(7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[3] If, after considering these factors, the court is satisfied that early termination is "warranted by the conduct of the defendant released and the interest of justice," the court may grant the motion. The Ninth Circuit has specifically rejected "the proposition that early termination is reserved for cases of exceptionally good behavior," holding that a district court may not require exceptional behavior as a predicate for early termination. *See United States v. Ponce,* 22 F.4th 1045, 1047 (9th Cir. 2022). In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above, but they need not elaborate unnecessarily. *Emmett*, 749 F.3d 817, at 821-22.

---

[3] Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e).

## ANALYSIS

While Mr. Ankerpont has completed more than the requisite year of supervision and incurred no violations, the Court is not persuaded that early termination is warranted.

Mr. Ankerpont argues that early termination is warranted due to his successful performance on supervised release and his ongoing health struggles. *Motion* at 1, Dkt. 80. Mr. Ankerpont details that he has secured private housing, gotten married, and maintained employment at Red Lion Hotel for more than two years before being placed on furlough due to slow business. *Id.* at 3. Unfortunately, Mr. Ankerpont's health declined in May 2023 when he suffered a stroke and was subsequently diagnosed with a heart condition. *Id.* He suffers from the effects of heart failure, untreated sleep apnea, and weakness in his left hand. *Id.* at 4. Mr. Ankerpont is currently awaiting approval for Social Security disability benefits and health insurance assistance. *Id.* Despite his health issues, Mr. Ankerpont reports that he has consistently tested negative during periodic drug screening and has fully complied with the terms of supervision. *Id.*

The Court congratulates Mr. Ankerpont on his successful performance during supervision and is sympathetic to his ongoing health issues. Nonetheless, after considering the factors discussed below, the Court determines that early termination of supervision is not warranted.

Before briefly reviewing certain § 3553(a) factors, the Court will respond to Mr. Ankerpont's argument regarding his health and continued supervision. Mr. Ankerpont asserts that his medical issues and the resulting impact on his life and employment constitute "exceptional circumstances" that favor early termination. *Motion* at 5, Dkt. 80. While the Court recognizes the impact of Mr. Ankerpont's health on his life and employment, it finds no indication that supervision has impacted his health. Thus, the Court is not persuaded that Mr. Ankerpont's medical issues favor early termination and shares the government's finding that there is no reason why Mr. Ankerpont's health issues are incompatible with continued supervision.

Moreover, the Court finds that the relevant § 3553(a) factors do not favor early termination. First, regarding the nature and circumstances of the offense, Mr. Ankerpont was "personally involved" in multiple drug transactions of methamphetamine. *See Presentence Investigation Report* at 13, Dkt. 55. At the time of his arrest, another quantity of methamphetamine was recovered from the vehicle he was a passenger in. In total, Mr. Ankerpont was held accountable for 347.06 grams of actual methamphetamine. *Id.* Mr. Ankerpont also committed the instant offense while still under a sentence arising from a previous conviction. *See*

*Presentence Investigation Report* at 34, Dkt. 55. [4]

Mr. Ankerpont's history and characteristics also merit concern. While he has previously stated that he doesn't believe he has a drug problem, Mr. Ankerpont has indicated that he used marijuana a few times a month from the age of twenty to forty-two. *See Presentence Investigation Report* at 50, Dkt. 55. In addition to marijuana, Mr. Ankerpont has specified that alcohol causes him problems. *Id.* at 51. While Mr. Ankerpont has made great strides during supervision, his previous challenges with substances weigh against early termination. Continued supervision is not intended to punish Mr. Ankerpont but rather to aid in his continued success. *United States v. Campbell*, No. 1:12-CR-00155-BLW, 2022 WL 3227735, at *2 (D. Idaho Aug. 10, 2022) ("As the Court has said in other cases, the mere fact of supervision can provide an impetus for continued success.")

For these reasons, the Court will deny the motion. Again, the Court commends Mr. Ankerpont's compliance with supervision and is sympathetic to his recent health struggles. However, the Court does not believe Mr. Ankerpont's

---

[4] The government focuses much of its response on Mr. Ankerpont's previous conviction for Second Degree Murder While Within Indian Country. *See Response,* Dkt. 81. While the Court finds Mr. Ankerpont's previous criminal conduct troubling, the Court finds that early termination is not warranted with limited consideration of his prior offense.

compliance or health warrant early termination and finds that consideration of the relevant § 3553(a) factors counsel against early termination.

## ORDER

**IT IS ORDERED that** Defendant Royja Kelly Ankerpont's Motion for Early Termination of Supervision in Case Number 4:16-cr-00176-BLW (Dkt. 80) is **DENIED.**

**IT IS FURTHER ORDERED that** Defendant Royja Kelly Ankerpont's Motion for Early Termination of Supervision in Case Number 4:16-cr-00211-BLW (Dkt. 25) is **DENIED.**

DATED: August 7, 2024

B. Lynn Winmill
U.S. District Court Judge